UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIANNE N.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 2:23-cv-12791

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [19],
ADOPTING REPORT AND RECOMMENDATION [17],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Adrianne N.'s application for a period of disability and Disability Insurance Benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 6-1, PgID 35–51. After the SSA Appeals Council declined to review the ruling, *id.* at 22, Plaintiff sought review with the Court. ECF 1. The Court referred the matter to Magistrate Judge Curtis Ivy, Jr., ECF 9, and the parties filed cross-motions for summary judgment. ECF 12, 16. The magistrate judge issued a Report and Recommendation ("Report") and suggested that the Court should deny Plaintiff's motion and grant the Commissioner's motion. ECF 17. Plaintiff filed timely objections to the Report. ECF 19. After examining the record and considering Plaintiff's objections de novo, the Court concludes that her arguments lack merit. Accordingly, the Court will adopt the

Report's findings, deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 17, PgID 790–92. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable

mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff objected to the magistrate judge's conclusion that the ALJ sufficiently explained its omission of Plaintiff's use of a prescribed assistive device (a cane) from its decision. ECF 19, PgID 808. According to Plaintiff, the ALJ's inadequate explanation for its omission of her cane use, and its alleged failure to consider her arguments in support of the cause and effect of such cane use, amounted to an inaccurate assessment of her Residual Functional Capacity (RFC), that is, her ability to perform activities that may enable her to work despite her limitations. *Id.* at 813–14.

The Commissioner responded by stating that (1) the record as a whole demonstrates that the ALJ sufficiently explained its omission, ECF 21, PgID 823–25; (2) inclusion of Plaintiff's cane limitation would not change the outcome, *id.* at 821–22; and (3) Plaintiff focused almost exclusively on issues with the ALJ's decision she already raised at summary judgment, and not on issues with the magistrate judge's Report, *id.* at 821. For the reasons explained below, the Court will overrule Plaintiff's objection.

First, the ALJ's ruling as to Plaintiff's RFC, specifically its omission of Plaintiff's cane, is supported by substantial evidence in the record. Contrary to Plaintiff's assertion, ECF 19, PgID 811, the ALJ fully explained its reasons for not giving more weight to Plaintiff's cane use. Consideration of the ALJ's analysis as a whole contravenes Plaintiff's attempt to limit the ALJ's discussion of its omission to a summary paragraph. *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. Aug. 27, 2021) (cleaned up) (noting that courts "will not nitpick the ALJ's decision, but rather give the opinion a commonsensical reading, focusing on whether the ALJ built a logical bridge from the evidence to his conclusion."). Moreover, the ALJ is not required to discuss every piece of evidence, as long as the factual findings show that the ALJ considered the record as a whole. *See Kornecky*, 167 F. App'x at 507–08. The ALJ explained the lack of record support for Plaintiff's cane use and detailed five reasons for the omission. ECF 6-1, PgID 43.

The five reasons included "objective testing, examinations, the claimants [sic] activities, work after amended onset date, and other medical opinions." *Id.* Plaintiff's objective testing and examinations revealed "normal full range of motion," *id.* at 551; even when doctors observed Plaintiff walking with a limp and a cane at a follow up, the exams still showed "normal full range of motion of all joints," although Plaintiff described left knee pain. *Id.* at 517. Other tests revealed mild/occasional swelling in the knee. *Id.* at 45–47, 135. Plaintiff's prescription for a cane came at her request and not via a medical professional's recommendation, as far as the reports showed. *Id.* at 551. The ALJ's observations show that he considered the record as a whole and that

substantial evidence existed for the conclusion that Plaintiff's cane use was not supported by the record.

Plaintiff suggested that evidence in the record undermined the ALJ's substantially supported RFC determination. *See, e.g.*, ECF 19, PgID 812. But the "findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). In addition, the facts stated above, along with Plaintiff's activities and work history, provided substantial evidence for the ALJ's finding that Plaintiff could perform sedentary work subject to certain restrictions. ECF 6-1, PgID 42. At the time of the ALJ's report, Plaintiff took care of a disabled gentleman by cooking and doing light housework and laundry. *Id.* at 40–41, 43. Around the time of her alleged onset date, she ran the cash register for her sister's food truck. *Id.* Both activities showed that Plaintiff did not have functional limitations that severely interfered with her ability to perform non-intensive work. *Id.* at 43. And Plaintiff's vocational expert testified that additional limitations that took into account Plaintiff's cane could make certain sedentary work possible for her. *Id.* at 97–98. When viewed in conjunction with the medical evidence, at the very least, Plaintiff could perform sedentary work with restrictions in place to address her physical limitations. Even if other evidence in the record supported an opposite conclusion, the ALJ presented substantial evidence to support its RFC determination and its lack of emphasis on Plaintiff's cane use. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). Therefore, the ALJ's decision is entitled to deference. *Id.*

Second, the ALJ's inclusion of Plaintiff's cane use would not have tipped the outcome in Plaintiff's favor. Plaintiff emphasized that she was "very close to the line" in terms of whether she was classified for sedentary work or determined to be disabled. ECF 19, PgID 809–10. But even if true, toeing the line does not warrant remand because substantial evidence supports the ALJ's RFC decision, and the Court must defer to that decision. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). And the fact that cane use may erode a sedentary occupational base finding does not mean that cane use is dispositive of disability. *See* SSR-96-9p, 1996 WL 374185, at *7 (July 2, 1996) (SSA'S promulgation of RFC policies including impact of medically required hand-held assistive devices).

The SSR-96-9p states that certain factors related to hand-held assistive device use may, but not must, affect the RFC. *Id.* In assessing the factors, the adjudicator is obligated to "consider the particular facts of a case." *Id.* Under the SSR-96-9p's guidelines, cane use for "prolonged ambulation, walking on uneven terrain, or ascending or descending slopes" does not ordinarily significantly erode the sedentary occupational base. *Id.* Because the ALJ designated Plaintiff for sedentary work, such as an office job, these factors, already unpersuasive for a finding of disability, would likely not have affected the ALJ's determination. And although Plaintiff suggested that she used the cane for balance, she proffered insufficient evidence to support this claim. *See id.* (noting cane use for balance may significantly erode occupational base); *see* ECF 12, PgID 755–56 (arguing her two falls and antalgic gait pattern indicated balance problems requiring cane). Placing more emphasis on Plaintiff's cane use,

then, would not change the outcome of the ALJ's ruling. Thus, the Court will uphold the ALJ's decision.

Finally, because Plaintiff largely rehashed arguments she made at summary judgment, her objection is improper. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017). Plaintiff used her objection to reiterate that the ALJ did not comply with articulation requirements, ECF 12, PgID 745–46, ECF 19, PgID 810–11, and that the ALJ erred in finding Plaintiff's use of a cane was not supported by the record, ECF 12, PgID 746–51, ECF 19, PgID 810–15. She identified few, if any, portions of the Report to which she objected. *See Cundiff v. Comm'r of Soc. Sec.*, No. 18-cv-1249, 2019 WL 5697359, at *1 (denying objections that did "not specifically identify any portion of the Magistrate Judge's proposed findings, recommendations or report" to which the objection was made or the basis thereof). Her objection ultimately offered little beyond what she previously presented. Therefore, for both this reason, and those mentioned above, the Court will overrule Plaintiff's objection. In doing so, the Court will adopt the Report, deny Plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. The Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [19] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [12] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 4, 2025